Filed 6/8/22  P. v. Roessler CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090009 |
| Plaintiff and Respondent, | (Super. Ct. Nos. MANCRFE20130001315 & MF036585B) |
| v. | |
| MICHAEL LEE ROESSLER, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

The trial court denied defendant Michael Lee Roessler's request to strike a firearm enhancement under Penal Code section 12022.53.[1]  Defendant appeals that denial, arguing the court failed to consider whether it should reduce, rather than strike, the enhancement.

---

[1]     Undesignated statutory references are to the Penal Code.

1

We filed an opinion on July 16, 2021, in which we concluded the trial court did not, in fact, have the authority to reduce, rather than strike, the enhancement, and thus affirmed the judgment. Our Supreme Court granted review on September 29, 2021.

On April 27, 2022, the Supreme Court transferred the matter back to this court with instructions to vacate our previous decision and reconsider the cause in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which concluded that trial courts are permitted to strike a firearm enhancement under section 12022.53, subdivision (d) and impose a lesser, uncharged firearm enhancement instead. Both parties submitted supplemental briefing. After reconsidering the matter consistent with the Supreme Court's order, we will remand the matter to allow the trial court to exercise its discretion to strike or reduce the firearm enhancement.

## BACKGROUND

Defendant shot and killed the victim following an extended dispute that began at a bar and concluded in front of the victim's home. (*People v. Roessler* (May 15, 2018, C078697) [nonpub. opn.].) He was convicted of second degree murder. (§ 187.) The jury also found true allegations he intentionally and personally discharged a firearm causing death (§ 12022.53, subd. (d)), used a firearm (§ 12022.5, subd. (a)), and was armed with a firearm (§ 12022, subd. (a)(1)). On appeal, we affirmed the judgment but remanded the case to allow defendant to place additional information on the record that might later be relevant to future youth offender parole hearings and so the trial court could consider whether to exercise its discretion under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682) to strike the section 12022.53, subdivision (d) firearm enhancement. (*Roessler, supra*, C078697.)

The trial court held a hearing following the remand. Defendant argued the court should consider his intoxication at the time of the murder, the actions of other individuals in the dispute that preceded the shooting, and the sincere remorse defendant had shown as mitigating factors. The prosecution responded that defendant's actions were not

2

impulsive, the crime did not involve a complex set of facts, and the evidence clearly established defendant had personally used a firearm to murder the victim.

The court considered the evidence of defendant's intoxication, but concluded defendant was not "grossly intoxicated." The court then considered the facts of the case, saying:

"Mr. Oliver provided the firearms. But this was a request to get firearms . . . . So this was done over a period of time before the incident. To me, that indicates there was significant premeditation. There was some sort of an incident at a bar a few hours before the killing involving the decedent and members of the Defendant's side. It was just a foolish incident. There was no deadly force. It was words and bad feelings.

"Certainly nothing to justify the use of deadly force. No reason to have deadly force. And as far as I could tell, at the time of that incident at the bar when the problem arose, no one had a deadly weapon. And nothing happened. But then the Defendant decided that it would be a good idea to arm himself with a deadly . . . firearm. And then the Defendant, Mr. Oliver, drove their motorcycles to the decedent's house and then shot the decedent to death.

"Also, Mr. Oliver was shot by the Defendant accidentally. But at the time, the decedent was posing no risk to the Defendant. He was unarmed. It was in front of his house. There was no reason for this. And I just don't see any basis to say the use of a firearm should be stayed. So I'm going to deny that. Also, keeping in mind it was a negative probation report. But I will deny the motion to stay the 25 years to life sentence for use of a firearm."

## DISCUSSION

Defendant contends the trial court did not understand that it had the ability to strike his firearm enhancement and impose a lesser enhancement, rather than simply striking it entirely, and thus could not have exercised informed discretion. Defendant argues the case must be remanded so the court may consider whether to impose a lesser

3

enhancement instead of the current enhancement. The People argue defendant forfeited his claim on appeal because he only asked the trial court to " 'stay' " the firearm enhancement and did not ask the trial court to strike, reduce, or modify the enhancement.

Prior to *Tirado*, there was a split among the Courts of Appeal on whether the trial court had discretion to reduce a firearm enhancement or impose a lesser, uncharged firearm enhancement. Some courts held the trial court had such discretion. (See e.g., *People v. Morrison* (2019) 34 Cal.App.5th 217.) Other courts held the trial court only had authority to strike or dismiss a firearm enhancement. (See e.g., *People v. Yanez* (E070556, app. pending) opn. filed Jan. 21, 2020, review granted Apr. 22, 2020, S260819, vacated & trans. for reconsideration in light of *Tirado* Apr. 20, 2022; *People v. Garcia* (B293491) opn. filed Mar. 18, 2020, review granted June 10, 2020, S261772, vacated & trans. for reconsideration in light of *Tirado* Apr. 20, 2022, sub. opn. filed May 20, 2022.)

In *Tirado*, the Supreme Court resolved this split among the courts of appeal and held "the statutory framework permits a court to strike the section 12022.53[, subdivision ](d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado, supra*, 12 Cal.5th at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision ](d) enhancement, and the court determines that the section 12022.53[, subdivision ](d) enhancement should be struck or dismissed under section 12022.53[, subdivision ](h), the court may, under section 12022.53[, subdivision ](j), impose an enhancement under section 12022.53[, subdivisions ](b) or (c). The plain statutory language supports this conclusion." (*Id.* at p. 700, fns. omitted.)

We conclude that after the Supreme Court's decision in *Tirado*, remand is appropriate to allow the trial court to exercise its discretion to strike or reduce the firearm enhancement.

## DISPOSITION

Defendant's convictions are affirmed. The sentence is vacated, and the case is remanded to the trial court to exercise its discretion to strike, dismiss or reduce the section 12022.53 enhancement. If the court imposes a different sentence than that imposed at the prior sentencing, it is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　HOCH, Acting P. J.


We concur:


　/s/
KRAUSE, J.


　/s/
EARL, J.

5